We'll hear counseling Gustavia Home v. Hoyer. Hold on one second, Mr. Villante, while people are leaving the courtroom. Thanks very much. Okay, go ahead, Mr. Villante. Good afternoon, Your Honors. Christopher Villante for appellants, Ms. Hoyer and Ms. Paul. I would also like to respectfully request two minutes of rebuttal. Your Honors, this motion is to stay a pending foreclosure action, pending determination of appellant's appeal of the district court's January 24th, 2019 decision, which granted summary judgment as well as a final judgment on foreclosure and sale to the appellees. We respectfully submit that all of the prongs that would be met to grant a discretionary stay are clearly met. In this case, particularly with regard to the balancing that needs to take place with regard to prejudice that would be suffered by the appellants, if the stay is not granted, in comparison to the little if no prejudice to the plaintiff's appellees. Here we have a situation where should this case be allowed to proceed without the stay, a sale will occur. Our clients, the appellants, will lose their primary home and residence on the other side of that balancing. The plaintiffs lose little to nothing. Their position doesn't change. They already have procured their final judgment of foreclosure, which will proceed if the appeal is not successful. And default interest continues to run. With regard to the merits of the appeal itself, we believe that we have a very strong likelihood of success on the merits. We believe that Judge Chen's lower court decision is incorrect in many respects. There are many issues that we believe were wrongly decided under New York laws in regards to both statutory and contractual notice provisions with regard to this mortgage. Particularly with regard to Judge Chen's decision with regard to the issue of waiver on the conditions in the mortgage notice requirement, as well as the point of view of the court with regard to both notices. That the discrepancy that exists in the amounts listed that are owed in the notice is not grounds to deny summary judgment, particularly with regard to the statutory notice which requires strict compliance with the statute. Which is not waived, particularly that notice can be raised at any time. And as I said, it's a condition proceeding to any foreclosure which becomes a prima facie element of the plaintiff's case that they need to prove on summary judgment regardless of the opposition. Which was raised both as an affirmative defense in the answer as well as a denial of affirmative representations made by the plaintiff in their complaint with regard to their compliance with these statutes. So taken in totality, particularly when we balance the prejudice factors of both parties, we feel that a stay at least pending this appeal is absolutely warranted. And there is a stay now in effect temporarily, right? As of right now, because this court has decided to take up this argument, there is a stay in place. And we would just ask that we be given a chance to run the course of the appeal with that stay in place. Because as soon as the appeal, the stay, excuse me, is lifted, the house is sold. And their primary home and residence is gone. And then it makes the appeal quite pointless at that point. Assume for the argument that we extended the stay pending the appeal. What's the stage of the appeal at this point? The appeal right now is being briefed. I believe our appeal is being briefed. It should be, I believe, and I'm not the individual that's writing the brief, but I believe we'll be fully briefed either the end of this week or the beginning of next week, I believe. I don't want to say for certain. And filed. I believe so, yes, your honor. Again, I can't say 100% certainty. When you say, if we don't issue the stay, the house is sold, is that hyperbole or is- Not at all, your honor. Not at all, your honor. There was already a sale scheduled. That's what led to this application to begin with. Had your honors, this court, not granted the stay that's currently in place, the house would already be sold. There was a sale scheduled on April 25th that was stopped because of this stay. A sale with a buyer or a sale with an auction? It goes to auction, it goes, yes, to auction. So you're assuming that there will be a sale resulting from an auction? Most likely, in most scenarios, if not a third party buyer, the bank will purchase the asset and then ultimately sell it. All right, Mr. Volante, you have reserved two minutes. Thank you, your honor. Good afternoon, your honors. If it pleases the court, my name is Alan Weinreb and I am representing the appellee and I'm here to argue against a stay pending the appeal. By way of a background, since your honors do not have a brief, this was a mortgage foreclosure of a second mortgage for the failure of the borrower defendant in the lower court to make mortgage payments since the year 2011. That is approximately eight years ago. All this time, the borrower has not been making payments for taxes, insurance, or maintenance. And by further way of background, there's also a first mortgage on the property that is in excess of $700,000. In which the borrower has not made a payment since 2013, along with not making payments for taxes and insurance. So this is not just a scenario of a good guy, bad guy in this instance. Judge? What about Mr. Volante's argument that if we don't extend the stay pending the appeal, the appeal will basically have been mooted or made irrelevant because the property will have been sold? Well, he's absolutely correct. If there's no stay, then we proceed to sale and we try to recoup the money that's owed. As well as at that point- Does he have a remedy of any kind on appeal after that? No, he doesn't. So you're basically asking us to decide this case on the merits in some sense. Yes, that's correct. However, Judge Chen, when she was issuing her decisions, especially the one of April 22nd, where the appellant went in and asking for a stay, said, listen, we understand what you're trying to do. You will not, the equities are not balancing in your favor. You have a very high road to win this appeal. So, irregardless of that, recognizing that if there's no remedy after sale, she says, go ahead, post a bond. And they don't want to post a bond. And the bond is not an exorbitant amount, it's just enough amount to cover the judgment. Well, is there a judgment as to the first mortgage, or that's just in default? It's in litigation. They do not have a judgment yet. It's been going on since 2005. What's the judgment amount as to your client's mortgage? $193,000, which is the amount that Judge Chen said, go ahead and post the bond. And one of the reasons why, excuse me, one of the reasons why she said go ahead and post the bond is that when the appellants were making their arguments for the stay, they said, you know what? Let's go ahead and use rule 62 F, which says that you can now proceed, you're entitled to a stay, if you could get a stay under state law. And they point to the CPLR 5519 subdivision 6, which says that if you have a bank, or you have a judgment of foreclosure, and you are directed to sell the property, which is what those judgments say, to qualify for a stay, you must post a superseded bond. And in their own documentation, when they were looking for, when this was going on back and forth with Judge Chen, they actually said in their own papers, if we do not succeed under 62 F, leading to 5519, we will post the bond. Could I, Mr. Weinberg? Yes. Ask a question. In your remaining time, I think it's very important to address the point about the balance of hardships here. If we were to agree and grant the stay, pending the resolution of the appeal of the summary judgment, what hardship would your clients endure in that event? The house is decreasing in equity. There's a large first mortgage on there, and no one even knows if the property is worth, at this point, enough to pay off the first and second mortgages. So as time goes by, the interest accrues, there's no taxes being paid, Judge. And not only that, but the borrower is continuing to collect rents. She just sits there and collects rents, doesn't pay her first mortgage, doesn't pay her second mortgage. And Judge Chen put a receiver in place to collect those rents, but they have not atoned to that receiver. What I'm trying to get to is balancing the hardships here. You said, well, the property may depreciate and- Property depreciates in value, and there's a big hardship for the borrower, who won't be able to collect rents anymore. Thank you. Thank you. But the borrower is willing to assume that burden. That's correct. All we're asking for is that in the alternative, if you want a grant to stay, to require them to post a bond to cover us. Thank you very much. And has the district court set a bond amount? Yes, they did. Yes, they did. That's already established. That's correct. And that order establishing the bond has not been appealed, nor has the judgment of foreclosure itself been appealed. This is just an appeal of a motion granting the plaintiff's summary judgment. Thank you. Thank you. Mr. Valenti. Thank you, Your Honor, I'll be relatively brief. What counsel just, what counsel just said, Mr. Weinraub just said, are you appealing from a final order? So, there was the order granting summary judgment. It wasn't, the order request required them to submit on notice a judgment, a final judgment of foreclosure and sale. But it did grant them summary judgment and the final judgment that the court was going to sign the final judgment of foreclosure and sale. It was just produce a proposed order on notice. But it did grant final judgment in the sense because normally, it didn't appoint a referee or set an order of reference. It granted summary judgment and judgment of foreclosure and sale, which is a settled order on notice. And with regard to the bond, I want to speak to the bond. Yes, Judge Chen said a bond. The bond being the full amount owed. If the client had $200,000 to just hand over, we wouldn't be here. It would just pay the mortgage off. So while we absolutely, our papers- There'd be an exception to the rule, though. There's, if the court, we were more than willing in our papers to have the court set a bond amount. We did request that as part of our papers. However, typically when it's, if you're in, let's say, for example, New York State Court when we're dealing with this issue more frequently, it's reasonable use and occupancy as opposed to be the standard for setting the bond, not the full amount of the judgment. Which again, as I just point out, just as a logical standpoint, if you have the money to pay off the full amount of the JFS, then you don't need to have been in foreclosure to begin with. And while it was more than willing to work to try to get a bond, $200,000 on a few days notice is a big ask. Again, because it was a few days. It wasn't where you can post a bond within the next 30 days, for example. It was in relatively short order. Although that bond would have been for the full amount, you say 193, that was the principal on the bond, right? That's, well, right. That's exactly right. Would it be, are you, I'm not quite sure what your argument is. Are you arguing that your client could not obtain a bond in that amount? For that principal amount. Well certainly. That no surety would grant that? Or is your argument you just didn't have time? I believe, well, it's twofold in the sense that first of all, well certainly there wouldn't have been $200,000 to hand over as far as the full amount of the bond. Well, that's the principle. In other words, it's not cash, it's a bond. Right, but even to procure, individual procure a bail bondsman, for example, assuming we can find one that would be willing to post. You still need to put 10% down, which is still $20,000, give or take. Within, like I said, a very short amount of time. These are borrowers on modest means. The appellant, or the appellee I should say, is trying to paint the appellants as people who are just collecting rent, collecting all this windfall money and not paying anything. But, I mean, that's really not the case. And also one could look to the fact that the alleged default in this case was in 2008, not in 2011. And the plaintiff waited eight years to even file this foreclosure, a year after the first mortgage, which they were named in and defaulted in originally, had started their foreclosure. They were, excuse me. Mr. Volante, have you filed a notice of appeal? On the JFS itself? Yes. I don't believe there was an appeal on the actual JFS. Opposing counsel is nodding. It's okay, no, it's fine, it's fine. We can take notice of the fact that opposing counsel has shaken his head. And we are all in agreement that there is no notice of appeal here. As far as I know, yes, your honor. So the mandate resides at this point in the district court? Yes. And what is the basis for jurisdiction here? The plaintiff's jurisdiction was diversity. Is that the loan was more than $75,000 and the bank is based outside of New York and the plaintiff is within, or the defendant I should say. How about within this court? Within this court? Given us federal jurisdiction, what's the jurisdiction of the appeals court? I'm sorry, your honor, I couldn't, you might have stumped me a little bit. All right, thank you very much. We'll reserve the decision you hear from us shortly.